IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DILLON CARL CARTER                                                    PLAINTIFF

v.                              Civil No. 4:23-cv-04001

WARDEN JOHN MINORS;
ASSISTANT WARDEN SHAUNDA SCOGGINS;
SECURITY MAJOR VICKEY WALKER;
TREATMENT SUPERVISOR TINA MAXWELL;
and DOE NURSES                                                      DEFENDANTS

## ORDER

Plaintiff, Dillon Carl Carter, originally filed this 42 U.S.C. § 1983 action *pro se* on January 13, 2023.  (ECF No. 1).  Along with his Complaint, Plaintiff submitted an Application to Proceed *in forma pauperis* ("IFP").  (ECF No. 2).  The Court granted Plaintiff's IFP Application on January 13, 2023.  (ECF No. 3).  Currently before the Court is Plaintiff's failure to comply with orders of the Court.

In the Court's January 13, 2023 Order, Plaintiff was directed to submit an amended complaint by February 3, 2023.  (ECF No. 23).  Plaintiff failed to do so.  On February 6, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to submit the Court directed amended complaint.  (ECF No. 6).  Plaintiff's response to the Show Cause Order was due February 27, 2023.  *Id*.  The Show Cause Order was not returned as undeliverable mail, and Plaintiff did not respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

It is the duty of any party not represented by counsel to promptly notify the Clerk

and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th day of April, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge